JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY STATEN,<br><br>                    Plaintiff,<br><br>          v.<br><br>ASTELLAS PHARMA US, INC., et al.,<br><br>                    Defendants. | Case No. 2:23-cv-01898-FLA (PVCx)<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## RULING

On March 14, 2023, Plaintiff Terry Staten ("Plaintiff") initiated this action against Defendants Astellas Pharma US, Inc. and Seagen, Inc. (collectively, "Defendants"). Dkt. 1 ("Compl."). The Complaint alleges four causes of action for strict liability failure to warn, negligent failure to warn, fraud, and negligent misrepresentation, in connection with a prescription drug. *Id.* Plaintiff alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* at 2.

On July 27, 2023, the court ordered the parties to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Dkt. 37. Plaintiff and Defendants filed responses. Dkts. 40, 41, 43.

Having reviewed the Complaint and the responses to this court's Order to Show Cause, and for the following reasons, the court finds Plaintiff fails to establish subject matter jurisdiction and accordingly DISMISSES the action.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests, or the court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### A.     Actual Damages

Here, the amount of damages Plaintiff seeks cannot be determined from the Complaint, as it does not set forth a specific amount. *See generally* Compl. Plaintiff, however, contends in his response to the court's OSC that the amount in controversy exceeds $75,000, upon information and belief. Dkt. 41 at 3. Plaintiff provides no

information or evidence to substantiate this assertion, despite the court's notice of a "two-pronged inquiry into the facial and factual sufficiency of Plaintiff's demonstration of jurisdiction." *See* Dkt. 37 at 3. Instead, Plaintiff asks the court to accept his statement regarding the amount in controversy as true. By failing to present any evidence to support a reasonable estimate of the amount in controversy, Plaintiff fails to demonstrate by a preponderance of the evidence that the jurisdictional minimum is met.

## CONCLUSION

The court determines Plaintiff has failed to demonstrate the amount in controversy exceeds $75,000 and finds that diversity jurisdiction does not exist. The court, therefore, DISMISSES the action without prejudice. All dates and deadlines in this court are VACATED. Defendants' Motion to Dismiss and/or Strike Plaintiff's Complaint (Dkt. 26) is DENIED as MOOT. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 24, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge